## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

THOMAS BASARA                                 :
4353 Lauriston Street                         :
Philadelphia, PA 19128                        :
                        *Plaintiff*            :
                                              :        CIVIL ACTION NO.  13-1471
                                              :
         vs.                                  :
                                              :
CITY OF PHILADELPHIA                          :
         and                                  :
POLICE OFFICER THOMAS LICIARDELLO             :        JURY TRIAL DEMANDED
Badge Number 4383                             :
POLICE OFFICER BRIAN REYNOLDS                 :
Badge Number 4268                             :
POLICE OFFICER BRIAN SPEISER                  :
Badge Number 7169                             :
POLICE OFFICER MICHAEL SPICER                 :
Badge Number 5180                             :
LIEUTENANT ROBERT OTTO                        :
individually and as police officers for       :
the City of Philadelphia,                     :
c/o Law Department                            :
1515 Arch Street                              :
Philadelphia, PA 19102                        :
                        *Defendants*

## COMPLAINT
### Jurisdiction

1.      This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C.

§§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further

invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and

adjudicate state law claims.

### Parties

2.      Plaintiff, Thomas Basara, is a 54 year old individual and a resident of Philadelphia,

Pennsylvania who was self-employed at the time of the events hereinafter described.

3.      Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs the Police Defendants.

4.      Defendant Thomas Liciardello is a police officer for the Philadelphia Police Department, assigned to the Narcotics Field Unit South at the time of the events hereinafter described, and was at all times relevant hereto acting under color of state law. He is being sued in his individual capacity.

5.      Defendant Brian Reynolds is a police officer for the Philadelphia Police Department, assigned to the Narcotics Field Unit South at the time of the events hereinafter described, and was at all times relevant hereto acting under color of state law. He is being sued in his individual capacity.

6.      Defendant Brian Speiser is a police officer for the Philadelphia Police Department, assigned to the Narcotics Field Unit South at the time of the events hereinafter described, and was at all times relevant hereto acting under color of state law. He is being sued in his individual capacity.

7.      Defendant Michael Spicer is a police officer for the Philadelphia Police Department, assigned to the Narcotics Field Unit South at the time of the events hereinafter described, and was at all times relevant hereto acting under color of state law. He is being sued in his individual capacity.

8.      Defendant Robert Otto is a police officer for the Philadelphia Police Department,  was the supervisor assigned to the Narcotics Field Unit South at the time of the events hereinafter described, and was at all times relevant hereto acting under color of state law. He is being sued in

his individual capacity.

9.     At all relevant times, all individual Defendants were acting in concert and conspiracy and their actions deprived Plaintiffs of their constitutional and statutory rights.

## Factual Allegations

10.    On June 23, 2011 at approximately 9:10 p.m., the Defendant Police Officers from the Narcotics Field Unit South arrested Plaintiff Thomas Basara, Warren Layre, and Brian Timer inside Layre's auto shop at 529-35 W. Sedgwick Street, Philadelphia.

### Arrest and Search

11.    At that time and date, Defendant Police Officers entered the auto shop without a warrant and proceeded to conduct a search. The search consisted of the following:

a)     The Defendant Police broke through the garage office door with a battering ram even though Plaintiff Thomas Basara, Warren Layre and Brian Timer were inside and would have answered the door if Police had knocked.

b)     The Defendant Police, in plain clothes, with guns drawn and without identifying themselves, handcuffed the three men behind their backs and forced them onto the floor of the shop and began searching the shop for money and contraband.

c)     Defendant Officer Reynolds told Warren Layre that he was an FBI agent and he had been driving all day from a case in Virginia and that he was in a bad mood and that he would "shoot you [Warren Layre] in the head, myself," if Layre didn't tell him where the drugs and money were hidden.

d)     Defendant Officer Liciardello then demanded to know from Layre where all the money and drugs were hidden. When Layre said that he didn't know what the Officer was talking about, Defendant Officer Liciardello struck Layre on the back of the head with a steel

pipe, which caused Layre to lose consciousness.

e)     While Layre was lying on the floor of the auto shop and beginning to regain consciousness, Defendant Officer Liciardello again demanded to know where the money and drugs were hidden. Defendant Officer Liciardello then kicked Layre in the mouth causing the front upper row of Layre's teeth to separate from their roots and to bend back toward his throat. Subsequently, the entire upper row of Layre's teeth had to be extracted by his dentist.

f)     Defendant Officer Liciardello then kicked Layre twice in the scrotum. The second kick dislocated Layre's index finger.

g)     Defendant Officer Liciardello then placed his service firearm to the head of Layre and said, "This is a .40 caliber Glock and I will blow your head off with it, you stinkin' drug junkie, if you don't tell me where the money and drugs are".

h)     When Layre, who was by then seriously injured, did not respond, Defendant Officer Liciardello took one of Layre's BB guns from the shop, loaded it and shot the windshields of several of the vehicles on the premises. Defendant Officer Liciardello then said, "We'll keep going until one gets your attention".

12.     While Warren Layre was being beaten, the other Defendant Officers beat and kicked Plaintiff Basara, knocking out two of his teeth and causing injuries to his ribs and back.

13.     After the events described in paragraph 12 above, Plaintiff Basara was taken to the Police Station without being given medical attention.

Search Warrant for Auto Shop

14.     At 4:10 a.m. on June 24, 2011, the Defendant Police Officers obtained Search Warrant #158630 to search the auto shop, approximately seven (7) hours after the entry and search had commenced.

a)      Defendant Officer Liciardello alleged in the Affidavit to Search Warrant #158630 that at 6:50 p.m., they had arrested James McIntyre (Plaintiff Basara's co-defendant in the underlying state criminal case) in the 600 block of Dupont Street in the Roxborough section of Philadelphia. The Affidavit further alleges that the Defendant Police seized approximately 24 grams of Methamphetamine and $24,000.00 in cash from McIntyre. The Affidavit further alleges that McIntyre told the Defendant Police that he had purchased the methamphetamine seized from him from Warren Layre. This allegation was knowingly false. McIntyre never told the Defendant Police that Plaintiff Layre was the source of his methamphetamine and Layre was not in fact the source of McIntyre's methamphetamine.

b)      Defendant Officer Liciardello reported on Property Receipt #2982015 that he had seized $24,000.00 in cash from James McIntyre. Defendant Officer Liciardello alleged in the Affidavit to Search Warrant #158630 that McIntyre had told him that Warren Layre paid him [McIntyre] $500.00 to deliver this money to Layre's girlfriend. Both of these allegations were knowingly false. McIntyre told the Defendant Officers that the money was loaned to him by Layre to pay off the Probate fees, Inheritance Taxes and liens on the property that his recently deceased grandfather had left him. Further, Plaintiff believes and therefore avers that the Defendant Officers seized $33,400.00 from McIntyre and kept for themselves the $9,400.00 they underreported on the property receipt.

c)      Defendant Officer Liciardello reported in his 75-49 that the Officers recovered a yellow bag in roll of roofing paper and a blue bag which was stuffed into an auto exhaust pipe. The 75-49 estimates the bags to have contained 538 grams of methamphetamine. Plaintiff believes, and therefore avers, that this bag belonged to Anthony Axe. Plaintiff had seen Anthony Axe with the bag at the auto shop several days prior to the search/arrest. Plaintiff believes, and

therefore avers, that Axe hid the bag in the exhaust pipe and that Axe was the Confidential

Informant referred to in the Affidavit to Search Warrant #158630.

d)      Defendant Officer Liciardello reported in his 75-49 that the Officers recovered a

black fanny bag containing $6,600.00. Plaintiff believes, and therefore avers, that the Defendant

Officers seized $41,000.00 in cash which Warren Layre had rolled up in a shirt and hidden

underneath a 1966 Chevelle. This cash represented the proceeds Layre had legitimately earned,

with Plaintiff's assistance, from the sale of scrap metal. Plaintiff believes and therefore avers that

Warren Layre had spoken about the money he had on the premises in front of Anthony Axe.

Plaintiff further believes and avers that the Defendant Police Officers took and kept for

themselves the unreported $34,400.00.

e)      When they completed the search, the Defendant Police Officers left the office

door and garage doors wide open and left numerous tools, parts and equipment on the sidewalk

and parking apron.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §1983

15.     The allegations set forth in paragraphs 1-14 of this Complaint are incorporated herein by

reference.

### Count I: Unreasonable Use of Force

16.     As a direct and proximate result of all Defendants' conduct, committed under color of

state law, Plaintiff Basara was deprived of his right to be free from unreasonable and excessive

force. Plaintiff Layre suffered injuries to his mouth, teeth, back and rib cage, all in violation of

his rights under the Fourth and Fourteenth Amendments to the United States Constitution and the

Federal Civil Rights Act.

## Count II: Unlawful Arrest

17.     As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from unreasonable seizure of his person without probable cause. Plaintiff was imprisoned from June 23, 2011 until November 10, 2011 upon information that the individual Police Defendants knew did not make out probable cause that Plaintiff had committed a crime and knew to be false, all in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Federal Civil Rights Act.

## Count III:  Unlawful Search and Seizure

18.     As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from unreasonable search and seizure of his property, person and personal effects without probable cause, upon information that the individual Police Defendants knew did not make out probable cause that Plaintiff had committed a crime and knew to be false, all in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Federal Civil Rights Act.

## Count IV:  Improper Execution of Warrant

19.     As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from unreasonable search and seizure by the forcible entry into the auto shop at 529-35 W. Sedgwick Street, Philadelphia, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Federal Civil Rights Act.

## Count V: Malicious Prosecution

20.     As a direct and proximate result of all Defendants' conduct, committed under color of

state law, Plaintiff was deprived of his right to be free from false and malicious prosecution. Plaintiff continues to suffer from trauma caused by this false and malicious prosecution, all in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Federal Civil Rights Act.

21.    As a direct and proximate result of the acts of all Defendants, Plaintiff has sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

### Count V: Municipal Liability

22.    Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a.    The use of unreasonable force, excessive force, theft of property, falsifying reports and affidavits, falsifying testimony and evidence and unlawful arrest by police officers;

b.    The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, theft,  falsifying reports and affidavits, falsifying testimony and evidence, malicious prosecution and violations of citizens' property and civil rights;

c.    The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems or moral and character deficiencies that impaired their ability to function as police officers;

d.    The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct to the Police Department or other law enforcement agencies;

e.      Police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to the police duties;

f.      The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force, search and seizure, and arrest powers under such circumstances as described herein.

23.    The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia Police, including the Defendant officers in this case, to violate rights of citizens such as the Plaintiffs herein.

24.    Defendants have by the above described actions deprived Plaintiffs of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF PENNSYLVANIA STATE LAW

25.    The allegations set forth in paragraphs 1-24 of this Complaint are incorporated herein by reference.

26.    The acts and conduct of the individual defendants in this cause of action constitute assault, battery, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress under the law of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## JURY DEMAND

27.    Plaintiffs demand a jury trial as to each Defendant and as to each count.

WHEREFORE, Plaintiffs request the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Reasonable attorney's fees and costs; and

d.      Such other and further relief as appears reasonable and just.

JAY FEINSCHIL
Attorney ID No. 31950
443 Green Lane
Philadelphia, PA 19128
(215) 869-5502
Counsel for Plaintiff